F I L E D
CLERK OF COURT
2025 FEB 17 PM 2: 58
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0656-19** |
| | ) GPD Report No. 19-35266 |
| | ) |
| vs. | ) CRIMINAL CASE NO. **CF0240-18** |
| | ) GPD Report No. 18-11353 |
| | ) |
| **JAMES RYAN ROBINSON,** | ) |
| *aka* **Conen James Lefever Chamberlyn** | ) |
| *aka* **Conen-James Chamberlyn** | ) |
| *aka* **Lonen James Chamberlyn** | ) **DECISION & ORDER** |
| *aka* **Conenjames Chamberlyn** | ) **RE. PEOPLE'S MOTION TO REVOKE** |
| DOB: 07/23/1989 or 07/23/1984 | ) **DEFENDANT'S PROBATION &** |
| | ) **IMPOSE JAIL SENTENCE** |
| | ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on November 19, 2024, for a Revocation Hearing. Defendant James Ryan Robinson *aka* Conen-James Chamberlyn ("Defendant") was present with counsel Alternate Public Defender Ana Maria Gayle. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). During the hearing, the court heard the parties on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 1 of 16

On May 8, 2018, the Defendant was charged via Indictment for the following offenses in CF0240-18: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); (2) DRIVING WHILE UNDER THE INFLUENCE OF CONTROLLED SUBSTANCE (As a Misdemeanor); and (3) DRIVING WITH BROKEN HEADLIGHTS (As a Violation). *See* Indictment (May 8, 2018). For CF0656-19, the Defendant was later charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Dec. 13, 2019). Since his Indictment in CF0240-18, the Defendant received eighteen violations in CF0240-18 and eight violations in CF0656-19 for violating conditions of his probation.

**A. Defendant Robinson's Violations on Pre-Trial Release**

While on pre-trial release, the Adult Probation Office ("Probation") filed three violations against the Defendant. For the first violation, the report indicated that the:

1. Defendant failed to report 3x a week in person to the Probation Office. The defendant failed to report on April 20, 2018 as well as on May 2, 4, 7, 9, 11, 14, 16, 18 and 21, 2018. The defendant last reported on April 27, 2018.

1st Violation Report (May 22, 2018). After failing to appear for his Arraignment Hearing twice, the court issued a bench warrant for the Defendant's arrest on May 30, 2018.[1]

\\

\\

\\

\\

\\

---

[1] *See* Arraignment Hr'g Mins. at 10:14:13AM (May 23, 2018); *see also* Bench Warrant (May 30, 2018).

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 2 of 16

After the warrant's return on June 26, 2018, Probation filed a second violation, stating that the:

1. Defendant failed to refrain from possessing and consuming any illegal controlled substances. On June 22, 2018, the defendant was apprehended by Superior Court of Guam Marshals on an Outstanding Warrant of Arrest issued by Judge Benjamin C. Sison Jr. on May 30, 2018. The defendant admitted in writing via Declaration to smoking "Ice" hours before being apprehended. (Please see attached)

   It is noteworthy that this is the defendant's 1st positive drug test while on Pretrial Release.

2nd Violation Report (June 26, 2018). After answering to his violations, the court imposed a thirty-day sanction on the Defendant. *See* Violation Hr'g Mins. at 1:54:21–2:03:47PM (June 26, 2018). Two days later, the Defendant was found both legally and clinically eligible to participate in the Adult Drug Court Program.[2] Upon the Defendant's request and understanding, the court granted his release so long as the complied with conditions set forth by the court. *See* Order (July 11, 2018). For the third violation, the report indicated that the:

1. Defendant failed to report to the Probation Office upon his release from confinement. On June 26, 2018, a Return of Warrant hearing was held before the Honorable Anita A. Sukola at which time the defendant was sanctioned 30 days confinement for the 1st and 2nd Violation Reports. His expected release date was on July 22, 2018. On July 31, 2018, the Probation Office confirmed with the Department of Corrections that the defendant was released on July 22, 2018. The defendant still has not reported since his release.

3rd Violation Report (July 31, 2018). Although the court held off on issuing a warrant for his arrest after the Defendant failed to appear for his hearing on August 21, 2018, the court eventually issued a bench warrant on September 18, 2018.[3] When the warrant was returned on October 17, 2018, the Defendant answered for his failure to report to Probation, but the court did not release

---

[2] *See* Ppl.'s Decl. (June 28, 2018); *see also* Decl. (July 3, 2018).
[3] *See* Further Proceedings Mins. at 9:27:25–27:42AM (Aug. 21, 2018); *see also* Bench Warrant (Sept. 19, 2018).

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 3 of 16

him from Department of Corrections' ("DOC") custody. *See* Return of Warrant Hr'g Mins. at 1:13:53–15:44PM (Oct. 17, 2018).

On November 13, 2018, the court accepted the Defendant's guilty plea in CF0240-18 as to the First Charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Change of Plea Hr'g Mins. at 9:35:40–45:29AM (Nov. 13, 2018). When the court took his plea, the Defendant agreed to complete conditions, such as pay a five thousand dollar fine plus court costs, perform community service, check in with Probation three times a week, and enroll in the Adult Drug Court II Program ("Adult Drug Court"). *See* Plea Agreement at 4–7 (Nov. 15, 2018). Based on this agreement, the court suspended his three-year imprisonment term and dismissed the remaining charges against him. *Id.*

**B. Defendant Robinson's Violations in Adult Drug Court**

While participating in Adult Drug Court, Probation filed six more violations against Defendant Robinson. Despite his first Adult Drug Court proceeding being scheduled for November 30, 2018, the Defendant failed to appear as ordered under the terms of his Plea Agreement. *See* Progress Hr'g Mins. at 10:44:18AM (Nov. 30, 2018). For the Defendant's first violation under Adult Drug Court supervision, the report indicated that he:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: November 19, 21, 26, 28, 30, December 3, 5, 6, 10 and 12, 2018.

2. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on November 19, 26, December 3 and 10, 2018.

3. Failed to attend a scheduled and confirmed weekly case manager meeting. The probationer had a confirmed appointment to meet with his probation officer on November 19, 2018 and failed to attend.

1st Violation Report (Phase I) (Dec. 13, 2018).

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 4 of 16

After his second failed appearance for Adult Drug Court proceedings, the court issued a bench warrant. *See* Progress Hr'g Mins. at 11:01:43AM (Dec. 14, 2018). The warrant was returned on March 27, 2019, which led Probation to file the Defendant's second violation. For this violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: November 19, 21, 26, 28, 30, December 2018, January, February, March 1, 5, 6, 8, 11, 13, 15, 18, 20, 22, 25, 2019.

2. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on November 19, 26, December 2018, January, February, March 5, 11, 18, 2019.

2nd Violation Report (Phase I) (Mar. 27, 2019). The Defendant reasoned that his current living situation contributed to his lack of reporting. *See* Further Proceedings Mins. at 3:09:20PM (Mar. 28, 2019). He added that although he tried entering into treatment with Lighthouse Recovery Center, there was currently a waiting list for participants at the time. *Id.* Although the court later released the Defendant to focus on his recovery, he was "refreshed to Phase I" based on his non-compliance with Adult Drug Court. *See* Return of Warrant Hr'g Mins. at 10:30:27AM (Apr. 19, 2019).

Despite starting back at Phase I in the program, the Defendant made progress in Adult Drug Court, including testing negative and leveling up to Phase II. However, the Defendant received his first violation in Phase II on October 17, 2019. For this violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: September 23, 25, 27, 30, October 2, 4, 9, 11, 14, and 16, 2019.

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 5 of 16

2. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on September 23, 30, October 7 and 14, 2019.

1st Violation Report (Phase II) (Oct. 17, 2019). For his failure to appear, the court issued a Summons rather than an arrest warrant to ensure the Defendant's appearance at his next Adult Drug Court proceeding. *See* Summons (Oct. 21, 2019). After Probation filed a second violation and the Defendant failed to appear for his Adult Drug Court proceeding, the court eventually issued a bench warrant on November 8, 2019. *See* Further Proceedings Mins. at 10:46:15AM (Nov. 8, 2019).

Similar to his first violation in Phase II, the Defendant received a second violation for failing to report for three times weekly drug testing and weekly group counseling sessions during October and November. *See* 2nd Violation Report (Phase II) (Nov. 7, 2019). Upon the warrant's return on December 10, 2019, Probation filed a third violation against the Defendant, stating that he:

1. Failed to obey all laws of Guam. On December 4, 2019, the probationer appeared before the Magistrate Judge and was charged with Possession of a Schedule II Controlled Substance (3rd Degree Felony), Illegal Possession with in a Drug Free School Zone (3rd Degree Felony), Possession of a Firearm without a Guam Firearm Identification (3rd Degree Felony) in CF0656-19. He is being held on five thousand dollars ($5,000.00) cash bail.

2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed to report on the following dates: September 23, 25, 27, 30, the entire months of October and November 2019.

3. Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on September 23, 30, the entire months of October and November 2019.

3rd Violation Report (Phase II) (Dec. 10, 2019).

\\

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 6 of 16

Despite the court granting his release from DOC on May 12, 2020, the Defendant received a fourth violation with Adult Drug Court, indicating that he:

> Failed to report to the Probation Office three (3) times a week via phone call. At a hearing on May 12, 2020, and as a result of the COVID-19 crisis, the probationer was ordered to contact the Probation Office via phone every Monday, Wednesday, Friday, and as instructed. He failed to call on the following dates: June 5, 8, 10, 12, 15, 17, 19, 22, 24, and 26, 2020. The probationer last made contact via phone on June 3, 2020.

4th Violation Report (Phase II) (June 29, 2020).[4] For the Defendant's failure to appear in court for CF0240-18 and CF0656-19, the court issued another bench warrant on July 28, 2020. *See* Bench Warrant (July 30, 2020). Although the court vacated this warrant before its return, the court issued another bench warrant for his arrest in both cases. *See* Bench Warrant (Dec. 30, 2020).

On April 5, 2021, the warrant was returned and addressed a few days later. During the Defendant's Return of Warrant Hearing, the parties agreed that the Defendant would be transferred out of the Adult Drug Court. *See* Further Proceedings Mins. at 10:47:38–48:12AM (Apr. 8, 2021). The court memorialized this agreement in its Order After Hearing filed August 5, 2021.

## C. Defendant Robinson's Violations on Traditional Probationary Supervision

On April 29, 2021, the court accepted the Defendant's guilty plea in CF0656-19 as to the First Charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Judgment (July 26, 2021). Pursuant to his Plea Agreement in CF0656-19, the Defendant's five-year probationary term was to run concurrently with his probationary term in CF0240-18. *Id.* at 2. Upon the court's entry of judgment in CF0656-19, Probation filed a total

---

[4] Under CF0656-19, Probation also filed the Defendant's 1st Violation Report similar to this fourth violation in CF0240-18. *See* 1st Violation Report (June 29, 2020).

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 7 of 16

of sixteen violations against the Defendant: nine violations in CF0240-18 and seven violations in CF0656-19. For the Defendant's first violations in CF0240-18 and CF0656-19, the report indicated that the Defendant:

> 1.) Failed to report to the Probation Office for intake and processing. The defendant was released from confinement on April 29, 2021 and was scheduled to report to the Probation Office for intake and processing on May 3, 2021 but failed to do so.

> 2.) Failed to report to the Probation Office three (3) times weekly. The defendant last made contact with the Probation Office on April 30, 2021.

1st Violation Report (July 1, 2021). In CF0656-19, the court issued another bench warrant for his failure to appear at his court hearing, which was returned on November 1, 2021. That same day, Probation subsequently filed a second violation in both cases. For the second violations, the reports indicated that the Defendant:

> Failed to obey all laws of Guam. On October 29, 2021, the probationer appeared before the Magistrate Judge and was charged with Assault Against a Peace Officer (As a 3rd Degree Felony) and Resisting Arrest (As a Misdemeanor) in CF0553-21. He is currently being held on three thousand dollars ($3,000.00) cash bail and is scheduled to appear [before] the Honorable Elyze M. Iriarte for a Preliminary Hearing on November 8, 2021 at 4:00pm.

2nd Violation Report (Nov. 1, 2021). In response, the court sanctioned the Defendant seven days at DOC with an auto-release date on November 8, 2021. *See* Return of Warrant Hr'g Mins. at 11:11:48AM (Nov. 1, 2021). After being released, Probation filed the Defendant's third violation in CF0240-18, stating that he:

> 1.) Failed to report to make monthly payments towards his court ordered fines and fees. The probationer's balance remains at $5,080.00 and no payments have been made to date.

> 2.) Failed to perform and complete community service hours. The probationer's balance remains at 150 hours.

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 8 of 16

3.) Failed to complete treatment. The probationer was ordered to get assessed for Drug & Alcohol treatment with Guam Behavioral Health and Wellness Center; however, he failed to do so.

3rd Violation Report (Nov. 18, 2021). For his fourth and fifth violations in CF0240-18, along with his third violation in CF0656-19, each report indicated that the Defendant "[f]ailed to report to the Probation Office for drug testing."[5] Based on this third violation in CF0656-19, the court subsequently issued another warrant for his arrest. *See* Bench Warrant (Mar. 10, 2019). Prior to the warrant's return, Probation filed a sixth violation in CF0240-18 and a fourth violation in CF0656-19. Both reports indicated the Defendant's:

1. Failure to report to the Probation Office three times a week. He last reported on February 9, 2022 via telephone.
2. Failure to follow and complete treatment recommendations by Guam Behavioral Health and Wellness Center.
3. Failure to attend 24 recovery support meetings.
4. Failure to make monthly payments to fine and court cost of $5080.00.
5. Failure to perform 150 hours of community service.

6th Violation Report (Apr. 1, 2022); 4th Violation Report (Apr. 1, 2022). During the Return of Warrant Hearing, the court vacated the warrant; however, Probation also requested for the Defendant's revocation of probation. *See* Return of Warrant Hr'g Mins. at 9:16:30–23:14AM (July 20, 2022). On August 24, 2022, Probation filed the Defendant's seventh violation in CF0240-18 and fifth violation in CF0656-19. Both reports indicated the Defendant's:

1. Failure to report to the Probation Office, in person three times a week, after being released by the Department of Corrections on July 20, 2022, by Judge Alberto E. Tolentino.

5th Violation Report (Aug. 24, 2022).[6]

---

[5] 4th Violation Report (Jan. 11, 2022); 5th Violation Report (Mar. 4 2022); 3rd Violation Report (Mar. 4, 2022).
[6] Although Probation captioned the Defendant's seventh violation as a 5th Violation Report in CF0240-18, the previous violation filed in this case was a sixth violation. Therefore, this report constitutes as the Defendant's seventh violation in CF0240-18 and his fifth violation in CF0656-19.

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 9 of 16

For the Defendant's failure to appear at his Violation Hearing, the court issued a bench warrant in both matters. Upon the warrant's return on May 15, 2023, the court imposed a ten-day sanction on the Defendant. *See* Return of Warrant Hr'g Mins. at 4:27:44PM (May 18, 2023). After serving his sanction, Probation filed the Defendant's eighth violation in CF0240-18 and sixth violation in CF0656-19, reporting his:

1. Failure to report to the Probation Office in person, three times a week. He last reported on June 7, 2023.

8th Violation Report (July 7, 2023); 6th Violation Report (July 7, 2023). Due to the Defendant's absence at his Progress Hearing on January 9, 2024, the court issued another bench warrant for his arrest in both cases. *See* Bench Warrant (Jan. 10, 2024). After the warrant was returned on March 18, 2024, Probation filed the Defendant's ninth violation in CF0240-18 and his seventh violation in CF0656-19. For both violations, the reports indicated the Defendant's:

1. Failure to obey all the laws of Guam. On March 18, 2024, a magistrate complaint was filed, in the Superior Court of Guam, for the charge of Possession of a Schedule I Controlled Substance (As a 3rd Degree felony), in CF0179-24. He was committed on a $5,000.00 cash bond and is being represented by the Alternate Public Defender. He has a scheduled Preliminary hearing on March 28, 2024, at 4:00pm.

9th Violation Report (Mar. 19, 2024); 7th Violation Report (Mar. 19, 2024). During the Defendant's Return of Warrant Hearing, the court scheduled a Revocation Hearing in CF0240-18 and CF0656-19, and also revoked his pre-trial release in his other matter CF0553-21. *See* Return of Warrant Hr'g Mins. at 2:11:30–16:20PM (Mar. 21, 2024).

Upon the court's request, Probation provided the Defendant's procedural history on all his criminal matters in an Informational Report. *See* Informational Report (Aug. 21, 2024). On November 5, 2024, the People filed its Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). *See* Ppl.'s Mot. Revoke (Nov. 5, 2024). The following week, the Defendant

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 10 of 16

subsequently field his Opposition to the People's Motion ("Opposition"). *See* Def.'s Opp'n (Nov. 12, 2024).

After two continuances, the court held the Defendant's Revocation Hearing on November 19, 2024. Although the People only moved for revocation in CF0656-19, both parties agreed to address revocation in both cases since the Defendant's Judgment called for the probationary periods to run concurrently with one another. *See* Revocation Hr'g Mins. at 10:15:10–16:28AM (Nov. 19, 2024). After hearing the parties' arguments on the Motion, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 11 of 16

## A. Defendant Robinson violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

For both cases, the Defendant accumulated a total of twenty-six violations: eighteen violations in CF0240-18 and eight violations in CF0656-19. The court can factually determine that all these violations actually occurred after reviewing the court's record of events in both matters. For instance, the record supports the court's factual determination that the Defendant lacked contact with Probation, was absent at required court hearings, and tested positive for illegal controlled substances. As seen in the court's review of all his violations above, the Defendant himself either justified his violations in open court or admitted to them through his written declaration.

Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant violated multiple conditions of his probation on several occasions.

## B. Defendant Robinson's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 12 of 16

making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a violation warrants revocation of probation when it upsets the intent of the probationer's conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. The Supreme Court of Guam also reasoned that the Defendant's failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, all of Defendant Robinson's probation conditions remain outstanding, including treatment with Guam Behavioral Health and Wellness Center, community service, fines and court costs, and sober-support meeting attendance. *See* Revocation Hr'g Mins. at 10:13:50–14:20AM (Nov. 19, 2024). During the Revocation Hearing, the People argued that the Defendant does not appear to be a good candidate for additional years of probation when considering his previous behavior when released on probationary conditions. *Id.* at 10:16:29–18:15AM. Specifically, he disobeyed the laws of Guam while released on court-ordered conditions, which the Defendant expressed he understood. *Id.* In response to the People, the Defendant recognized his drug problem and requested that the court release him, so that he may have time to do treatment on his own under traditional probation. *Id.* at 10:18:36–20:35AM.

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 13 of 16

The substantial requirement imposed as a condition in *both* cases was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. However, sobriety becomes unattainable without the right support. The court gave the Defendant multiple opportunities before considering revocation, such as providing him with support in the Adult Drug Court as an alternative to imprisonment at DOC. In addition, the court released him on several occasions, giving the Defendant several chances to complete his probationary conditions like treatment. The court does recognize that the Defendant had a period of progression in the Adult Drug Court in 2019 where he consistently tested negative, earned incentives for his progress, and phased up in the program. But since then, Defendant Robinson has been charged in three subsequent criminal cases, failed to report upon his release from confinement, and has all conditions outstanding in this 2018 case. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). As mentioned earlier, the Defendant was subsequently charged in three new criminal cases; two being for Possession of Schedule II Controlled Substance (As a 3rd Degree Felony). While the Defendant believes that he can independently complete treatment if allotted more time on probation, his lack of progress over the past six years and additional possession cases show that he is incapable of doing so. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 14 of 16

believes that it is in the best interests of the public and will best satisfy the ends of justice to allow DOC's supervision and assistance of the Defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of Defendant Robinson's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 15 of 16

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in CF0240-18 and CF0656-19. For CF0240-18, the Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. For CF0656-19, the Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, *to run concurrently with his sentence in CF0240-18*, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation and imposing the remainder of the Defendant's sentence.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____FEB 17 2025_____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, APO_

Date: 2/17/25 Time: 3:11pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam

Decision & Order Re. People's Motion to Revoke Defendant's Probation & Impose Jail Sentence
*People v. Robinson aka Chamberlyn*, CF0656-19 & CF0240-18
Page 16 of 16